IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv96

| | |
|---|---|
| JAMES C. MIZE, JR., in his capacity as Indenture Trustee for New Vision Ministries of Lincolnton, Inc., Trust Indenture Nos. 358, 437, and 508, </br></br>　　　　Plaintiff, </br></br>Vs. </br></br>NEW VISION MINISTRIES OF LINCOLNTON, INC., </br></br>　　　　Defendant and </br>　　　　Third-Party Plaintiff, </br></br>Vs. </br></br>AMERICAN HERITAGE INSTITUTIONAL SERVICES, INC.; AMERICAN HERITAGE CHURCH FINANCE, INC.; RICHARD HICKS; and JOHN GREER, </br></br>　　　　Third-Party </br>　　　　Defendants. | ORDER |

**THIS MATTER** is before the court on third-party plaintiff's Motion to Dismiss and Alternative Motion to Strike as to the Answer filed either by or on behalf of the corporate third-party defendants. For cause, third-party plaintiff states that Richard Hicks has filed an Answer to the Third-Party Complaint on behalf of such corporate entities and that it does not appear that Mr. Hicks is an attorney.

Mr. Hicks, who is proceeding *pro se*, is advised that a corporation may only

appear in this court through an attorney licensed to practice in North Carolina and admitted to the Bar of this court or an attorney admitted and in good standing with another jurisdiction who makes application to appear before this court *pro hac vice*. A person who is not an attorney may not represent any other party before this court, and if a person attempts to do so, he is committing the criminal offense of practicing law without a license. " [I]n North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law...." Dungan & Mitchell, P.A. v. Dillingham Const. Co., Inc., 608 S.E.2d 415, 2005 WL 351379, at 4 (N.C.App. 2005)(citation and internal quotations omitted). A corporation is an artificial entity that cannot be represented by a *pro se* litigant and, instead, must appear by counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir.1985), *cert. denied*, 474 U.S. 1058 (1986).

    Mr. Hicks is advised that he has a right to respond to third-party plaintiff's Motion to Dismiss and alternative Motion to Strike and must do so within 14 days of issuance of this Order. Mr. Hicks is further advised that he has no right to respond on behalf of the corporate third-party defendants, and that if they wish to make a response they may do so through an attorney licensed to practice in this court or properly admitted *pro hac vice*. Failure to respond may result in summary dismissal or summary striking of the Answer.

# ORDER

**IT IS, THEREFORE, ORDERED** that third-party defendants file their responses to third-party plaintiff's Motion to Dismiss and Alternative Motion to Strike (#37) within 14 days of issuance of this Order.

Signed: June 2, 2008

Dennis L. Howell
United States Magistrate Judge